IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11CR300-1 |
| | ) | |
| TYLER ROSS COLE | ) | |

## MEMORANDUM OPINION AND ORDER

A federal grand jury for this district indicted the defendant for transporting a minor in interstate commerce for purposes of unlawful sexual activity, in violation of 18 U.S.C. § 2423(a), and for traveling in interstate commerce for purposes of unlawful sexual activity, in violation of 18 U.S.C. § 2423(b). (Docket Entry 1.) The case thereafter came before the Court for a hearing on an oral motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(A) and (B). (See Docket Entry dated Jan. 4, 2012.)[1] At the end of the hearing, the Court orally ordered the defendant's detention pending disposition of this case because clear and convincing evidence established that no combination of available release conditions would reasonably assure the safety of others and because a preponderance of the evidence established that no such conditions would reasonably assure the defendant's appearance. (See id.) The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

---

[1] Under the Bail Reform Act, the charged offenses under Section 2423(a) and (b) (i.e., offenses in Chapter 117 of Title 18 of the United States Code punishable by up to life and 30 years in prison, respectively) each constitute a "crime of violence," 18 U.S.C. § 3156(a)(4)(E), which triggers Section 3142(f)(1)(A). Moreover, because an offense under Section 2423(b) carries a possible life sentence, Section 3142(f)(1)(B) applies.

BACKGROUND

Before the hearing, United States Probation Officers assigned to the Pretrial Services Units in this district and the district of the defendant's arrest prepared reports regarding the defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review those reports before the hearing. At the hearing, the defendant stipulated to the accuracy of the factual information in those reports. The Pretrial Services Unit for this district also provided the parties and the Court with a copy of a law enforcement report underlying a state charge of attempted escape pending against the defendant in the district of his arrest based on events that occurred while he was in state custody for related charges. In addition to that law enforcement report, the United States relied on testimony by a law enforcement official familiar with the investigation. The defendant was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f)(1). The defendant declined to present evidence other than to proffer that he enjoyed strong support from family members, three of whom agreed to serve as third-party custodians.

DISCUSSION

Given the nature of the charges in this case, "[s]ubject to rebuttal by [the defendant], it shall be presumed that no condition

or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community," 18 U.S.C. § 3142(e)(3).[2] "[T]he presumption operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).[3]

"Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear

---

[2] As noted, a federal grand jury has indicted the defendant for offenses under 18 U.S.C. § 2423. (See Docket Entry 1.) A finding of probable cause to believe that a defendant committed said offenses triggers the above-cited presumption of detention. See 18 U.S.C. § 3142(e)(3)(E). "[T]he appeals courts that have addressed this issue have uniformly concluded that the judicial officer may rely on a grand jury indictment to establish probable cause for the purpose of triggering the rebuttable presumptions in section 3142(e)." United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986) (citing and joining position of United States Courts of Appeals for the Second, Sixth, Seventh, and Eleventh Circuits). Accord United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). District courts in this circuit uniformly appear to follow the same rule. See, e.g., United States v. Glover, No. 5:10-CR-258-F-5, 2010 WL 3245526, at *1 (E.D.N.C. Aug. 17, 2010) (unpublished); United States v. Boyd, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). Moreover, as detailed below, the evidence at the hearing confirmed the grand jury's probable cause finding.

[3] The United States Court of Appeals for the Fourth Circuit has not considered exactly what obligation falls upon a defendant subject to this presumption (i.e., a burden of production or of persuasion), but other circuit courts have held that "section 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant," United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (citing as examples decisions from the Second and Seventh Circuits). Accord United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.3d 1353, 1354-55 (10th Cir. 1991); United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989); United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). District courts in the Fourth Circuit also have adopted that view. See, e.g., United States v. Glover, No. 5:10-CR-258-F-5, 2010 WL 3245526, at *1 (E.D.N.C. Aug. 17, 2010) (unpublished); United States v. Hill, No. 1:06CR82-1, 2007 WL 547611, at *1 (N.D.W. Va. Feb. 16, 2007) (unpublished).

entirely, but remains a factor to be considered among those weighed by the district court.' The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (internal citations omitted) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)). Accord United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.3d 1353, 1355 (10th Cir. 1991); United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989); United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).[4]

In resolving the issue of release or detention, along with the statutory presumption, the Court considers the following statutorily-prescribed factors: "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the

---

[4] Although the Fourth Circuit has not opined that the presumption of detention remains relevant after a defendant carries the burden of production, district courts in this circuit have taken that position. See, e.g., United States v. Jinwright, No. 3:09CR67-W, 2010 WL 2926084, at *1 (W.D.N.C. July 23, 2010) (unpublished); United States v. Moore, No. 2:09CR222-41, 2010 WL 1006205, at *2 (S.D.W. Va. Mar. 16, 2010) (unpublished); Hill, 2007 WL 547611, at *1.

[defendant's] release." 18 U.S.C. § 3142(g). Based on the record before it, the Court makes the following findings of fact and/or conclusions of law:

1) the charged offenses are of a very serious nature (as reflected by both the mandatory minimum prison sentence of 10 years and the maximum sentence of life imprisonment applicable to violations of Section 2423(a) and the thirty-year maximum prison sentence applicable to violations of Section 2423(b), as well as by the terms of the Bail Reform Act), see, e.g., United States v. Knight, 562 F.3d 1314, 1323 (11th Cir. 2009) ("The district court correctly determined that the statutory minimum sentence of ten years of imprisonment reflects the seriousness of [the] offense."); United States v. Blankenship, Crim. No. 1:08-0073, 2008 WL 1925137, at *4 (S.D.W. Va. Apr. 29, 2008) (unpublished) ("Considering the factors set forth at 18 U.S.C. § 3142(g), the Court finds respecting the nature of the offenses charged in the Indictment that the charges against Defendant are so serious that Congress has made the charge contained in Count One punishable by a mandatory minimum five year term of imprisonment if successfully prosecuted and the maximum sentence upon the charges as ten and twenty years."); 18 U.S.C. §§ 3142(g)(1) (identifying question of whether offense "is a crime of violence . . . or involves a minor victim" as important to assessment of offense's seriousness), 3156(a)(4)(C) (defining "crime of violence" for purposes of Bail Reform Act as including violations of Section 2423(a) and (b), i.e., felonies within Chapter 117 of Title 18 of the United States Code), and the

circumstances of the offenses posed a danger to the minor victim, <u>see, e.g.</u>, <u>United States v. Thornton</u>, 554 F.3d 443, 449 (4th Cir. 2009) (acknowledging that "nonforcible adult-minor sexual activity can present grave physical risks to minors"); <u>United States v. Burns</u>, No. 07CR556, 2009 WL 3617448, at * 12 (N.D. Ill. Oct. 27, 2009) (unpublished) (observing that "statutory rape" offenses have "large potential for harm to the young woman involved . . . [even] where the guilty party was not abusive and was in love");

2) the weight of the evidence against the defendant is strong, in that:

A) law enforcement officials located the defendant (then 18) and a 13-year-old in South Carolina and both admitted that the defendant had traveled from West Virginia to North Carolina, where he had picked up the 13-year-old (whom he had met over the internet and whose age he knew) and had transported her to a motel in South Carolina, where the two had engaged in sexual intercourse; and

B) South Carolina law makes such sexual activity a crime, <u>see</u> S.C. Code § 16-3-655(B)(1) ("A person is guilty of criminal sexual conduct with a minor in the second degree if . . . the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age[.]"); <u>see also</u> S.C. Code §§ 16-3-651(h) ("'Sexual battery' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except when such intrusion is accomplished for medically recognized

treatment or diagnostic purposes."), 16-15-140 ("It is unlawful for a person over the age of fourteen years to wilfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the person or of the child."); and

3) the history and characteristics of the defendant raise serious concerns regarding whether his release poses a danger to another (i.e., continued pursuit of a sexual relationship with the minor victim) and a risk of non-appearance in that:

A) while the defendant was in state custody for related charges he attempted to escape by cutting a hole in the ceiling of a bathroom; and

B) the defendant's family support and good job did not deter him from setting off on the reckless course of conduct underlying the instant charges.

The Court will assume that the defendant has rebutted the presumption of detention based on risk of danger and of non-appearance by proffering that he enjoys strong family support, including in the form of willing third-party custodians. The Court nonetheless finds that the record establishes by clear and convincing evidence that no available condition or combination of conditions short of detention reasonably would assure the safety of others and establishes by a preponderance of the evidence that no such conditions reasonably would assure the defendant's appearance. In this regard, the Court notes the serious nature of the offenses

charged (including as reflected by the presumption of detention), the strong evidence against the defendant, and the defendant's lack of judgment shown both by the circumstances underlying the instant charges and by his escape attempt.  Simply put, the Court lacks any basis to conclude that the defendant has the stability to refrain from cutting off any electronic monitoring device, evading the oversight of any third-party custodian, and ignoring any home confinement condition to pursue contact with the minor victim and/or to avoid appearing in court.

**IT IS THEREFORE ORDERED** that the Motion for Detention by the United States is **GRANTED** and the defendant shall be detained pending disposition of the instant charge(s) pursuant to 18 U.S.C. § 3142(e)(1).  The defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                                /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                               **United States Magistrate Judge**
January 5, 2012